UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERT LEE FUENTES, | ) | 1:07-CV-01034 LJO GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #12] |
| DERRAL G. ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by jury trial on October 15, 2004, of two felony counts of vehicular hit and run with injury in violation of Cal. Vehicle Code § 20001(a), and misdemeanor battery in violation of Cal. Penal Code § 242. The trial court found Petitioner was a recidivist offender within the meaning of California's "Three

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss the petition.

1  Strikes" law. On January 11, 2005, Petitioner was sentenced to serve an indeterminate prison term of
2  twenty-seven years to life.
3       Petitioner thereafter appealed the conviction. On May 11, 2006, the California Court of
4  Appeal, Fifth Appellate District (hereinafter "Fifth DCA") affirmed the conviction. On June 12,
5  2006, Petitioner filed a petition for review with the California Supreme Court. Review was
6  summarily denied on July 26, 2006.
7       On July 19, 2007, Petitioner filed a petition for writ of habeas corpus in this Court. Following
8  a preliminary review, the Court dismissed the petition with leave to amend. On August 27, 2007,
9  Petitioner filed an amended petition raising the following claim for relief: "The trial court violated
10 Petitioner's due [process rights] by allowing the jury to convict Petitioner of a crime not charged on
11 the information." The Court then directed Respondent to file a response to the amended petition.
12      On October 2, 2007, Respondent filed a motion to dismiss the petition as unexhausted.
13 Petitioner did not file an opposition.

14                                    **DISCUSSION**

15 A.  Procedural Grounds for Motion to Dismiss

16      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
17 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
18 entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules
19 Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the
20 attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth
21 Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to
22 exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing
23 § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d
24 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).
25 Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's
26 motion for dismissal pursuant to its authority under Rule 4.
27 B.  Exhaustion of State Remedies
28      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the

> underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the amended petition before the Court, Petitioner raises one ground for relief. Respondent argues the ground has not been presented to the California Supreme Court and is therefore unexhausted. The Court has reviewed the petition for review filed with the California Supreme Court and finds Respondent is correct. The claim for relief was not presented in said petition for review and therefore remains unexhausted.

The instant petition is unexhausted and must be dismissed without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so. 28 U.S.C. § 2254(b)(1).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and the Petition for Writ of Habeas Corpus be DISMISSED without prejudice.[2] This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
2  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
3  served by mail) after service of the Objections.  The Finding and Recommendation will then be
4  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §
5  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
6  waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
7  1991).

      IT IS SO ORDERED.

**Dated:   November 14, 2007**               **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE